IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LUIS EDUARDO MORALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 307-003 |
| ) | |
| MICHAEL PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner was an inmate at McRae Correctional Facility in McRae, Georgia, when he commenced the above-captioned case pursuant to 28 U.S.C. § 2241. The application for habeas corpus relief requested that the Court direct the Bureau of Prisons to award Petitioner credit on his federal sentence for time served in Columbia, South America, while awaiting extradition. Subsequent to the filing of this action, Petitioner was granted the jail credit he was seeking, and he has been released from custody.[1]

Because Petitioner has been granted the jail credit he was seeking in his § 2241 petition, has completed his sentence, and has been released from the custody of the Bureau of Prisons, the instant habeas action is moot. A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing

---

[1]Petitioner was released by the Bureau of Prisons on April 5, 2007, into the custody of the Bureau of Immigration and Customs Enforcement. (Doc. no. 12, p. 7, Ex. 1).

of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14.

As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding, the Court **REPORTS** and **RECOMMENDS** that this petition for habeas relief be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 18th day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2